UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

BRIAN MOSELY,

                                          Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE OFFICER
DALMIN VASQUEZ, shield # 13931, tax # 943915000,
POLICE OFFICERS JOHN DOES 1-5,

                               Defendants.

----------------------------------------------------------------------- x

**ORIGINAL**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 19 2009 ★

BROOKLYN OFFICE

**COMPLAINT**

09 2613

Jury Trial Demanded

KORMAN, J.

GO, M.J.

### PRELIMINARY STATEMENT

1.    This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and New York City Police Officers. Plaintiff alleges that, on May 3, 2009, several NYPD officers arrested him without cause, used excessive force on him, and presented false evidence against him in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

### JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York state law. A notice of claim was duly filed with the City of New York within 30 days after the arrest of plaintiff, more

than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claims.

4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.     Plaintiff is a resident of the State of New York, County of Kings.

6.     The City of New York is a municipal corporation organized under the laws of the State of New York.

7.     Police Officer Dalmin Vasquez and John Does 1-5 are members of the NYPD. These officers were acting under color of state law and in their capacities as NYPD officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

8.     On May 3, 2009, at approximately 6:30 p.m., plaintiff exited his apartment building at 1030 Ocean Avenue in Brooklyn to meet three of his friends, including Kenny Joseph, who were waiting for plaintiff outside.

9.     Upon exiting his building, plaintiff observed numerous police in uniform, two of whom were searching Kenny Joseph's car.

10.     One of the officers found an unloaded rifle in the trunk.

11.     After the rifle was found, officers, including Dalmin Vasquez, arrested plaintiff, Kenny Joseph and plaintiff's friend Reginald.

12.     There was no probable cause to arrest plaintiff as he had never entered Kenny Joseph's car and he did not have dominion and control over Joseph's car.

13.     One of the officers, in the course of arresting plaintiff, handcuffed plaintiff excessively tight, cutting off plaintiff's circulation and causing marks to appear on his wrists.

14.     The officer who handcuffed plaintiff then put plaintiff in the back of a police car.

15.     Officers took plaintiff to the 70th Precinct.

16.     Officers brought plaintiff in front of a desk officer and then placed him in a cell.

17.     While plaintiff was incarcerated in the precinct, Officer Vasquez, in accordance with a conspiracy with other arresting officers, prepared police reports which falsely stated that plaintiff was found in possession of an unloaded rifle without a permit.

18.     On May 4, 2009, at approximately 3:00 a.m., officers took plaintiff to Brooklyn Central Booking.

19.     Plaintiff was incarcerated under unconstitutional conditions in Brooklyn Central Booking.

20.     The cells in which plaintiff was incarcerated were severely overcrowded, filled with garbage, and infested with roaches.

21.     The cells in central booking lacked adequate toilets and there were no beds for the detainees to sleep on.

22.     While plaintiff was confined in Brooklyn Central Booking, Officer Vasquez, in accordance with a conspiracy with other arresting officers, misrepresented to the

Kings County District Attorney's Office that plaintiff was found in possession of an unloaded rifle without a permit.

23.    On May 5, 2009, at approximately 3:30 a.m., plaintiff was released from central booking because the District Attorney's Office declined to prosecute plaintiff on the false charges.

24.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff suffered a loss of liberty, emotional distress, mental anguish, fear, anxiety, humiliation, and damage to reputation.  Plaintiff also suffered pain and bruising from the excessively tight handcuffs.

### PLAINTIFF'S FEDERAL CLAIMS AGAINST POLICE OFFICERS DALMIN VASQUEZ AND JOHN DOES 1-5

25.    Plaintiff repeats the foregoing allegations.

26.    The conduct of Police Officers Dalmin Vasquez and John Does 1-5, as described herein, amounted to false arrest, a failure to intervene, excessive force, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

27.    Plaintiff repeats the foregoing allegations.

28.    The City of New York, through a police, practice and custom, directly caused the constitutional violations suffered by plaintiff.

29.    Upon information and belief, the City of New York, at all relevant times, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's

4

own observations that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

30.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action.

31.     The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

32.     Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

33.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S STATE LAW CLAIMS AGAINST POLICE OFFICER DALMIN VASQUEZ AND POLICE OFFICERS JOHN DOES 1-5**

34.     Plaintiff repeats the foregoing allegations.

35.     The conduct of Police Officer Dalmin Vasquez and John Does 1-5, as described herein, amounted to false arrest, assault and battery in violation of New York state law.

**PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

36.     Plaintiff repeats the foregoing allegations.

37.     Because Police Officers Dalmin Vasquez and John Does 1-5 were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault and battery.

5

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      a.     Compensatory damages in an amount to be determined by a jury;

      b.     Punitive damages in an amount to be determined by a jury;

      c.     Attorney's fees and costs;

      d.     Such other and further relief as this Court may deem just and proper.

DATED:     June 19, 2009
             Brooklyn, New York


RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391

6