UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

BRIAN MOSELY,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, POLICE OFFICER
DALMIN VASQUEZ, shield # 13931, POLICE OFFICER
STEVE RICHARDS, shield # 2946, POLICE OFFICER
JASON REYNOLDS, shield # 1513, SERGEANT
MARTIN DAVIS, shield # 873, POLICE OFFICER
GLADSTONE HAYNES, shield # 20629, POLICE
OFFICER RIAN VERKAY, shield # 2055, POLICE
OFFICER NICHOLAS NELSON, shield # 15798,
POLICE OFFICER ALVARO CONTRERAS, shield #
12311,

                                        Defendants.

------------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT**

09 CV 2613 (ERK) (ALC)

<u>Jury Trial Demanded</u>

## PRELIMINARY STATEMENT

1.    This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights

violations by the City of New York and New York City Police Officers.  Plaintiff alleges that, on

May 3, 2009, several police officers arrested him without probable cause, used excessive force

on him and presented false evidence against him in violation of the Fourth and Sixth

Amendments to the United States Constitution.  Plaintiff seeks compensatory and punitive

damages, attorney's fees and costs, and such other and further relief as the court deems just and

proper.

**JURISDICTION & VENUE**

2.       This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.       Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York state law.  A notice of claim was duly filed with the City of New York within 30 days after the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not made an offer to settle plaintiff's state law claims.

4.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

**PARTIES**

5.       Plaintiff is a resident of the State of New York, County of Kings.

6.       The City of New York is a municipal corporation organized under the laws of the State of New York.

7.       Police Officer Dalmin Vasquez, Police Officer Steve Richards, Police Officer Jason Reynolds, Sergeant Martin Davis, Police Officer Gladstone Haynes, Police Officer Rian Verkay, Police Officer Nicholas Nelson, and Police Officer Alvaro Contreras were members of the NYPD on May 3, 2009. These officers were acting under color of state law and in their capacities as NYPD officers at all relevant times herein.  The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  The officers are sued in their individual capacities.

2

## STATEMENT OF FACTS

8.  On May 3, 2009, at approximately 6:30 p.m., plaintiff exited his apartment building at 1030 Ocean Avenue in Brooklyn to meet three of his friends, including Kenny Joseph, who were waiting for plaintiff outside.

9.  Upon exiting his building, plaintiff observed numerous police in uniform, two of whom were searching Kenny Joseph's car.

10.  Shortly thereafter, Police Officer Dalmin Vasquez, Police Officer Steve Richards, Police Officer Jason Reynolds, Sergeant Martin Davis, Police Officer Gladstone Haynes, Police Officer Rian Verkay, Police Officer Nicholas Nelson, and Police Officer Alvaro Contreras, acting in concert, arrested plaintiff, Kenny Joseph and plaintiff's friend Reginald.

11.  The officers charged plaintiff with disorderly conduct.

12.  There was no probable cause to arrest plaintiff because he had not committed a crime or violation and he had not acted in a suspicious manner.

13.  Those officers who were not involved in the physical arrest of plaintiff watched their fellow officers falsely arrest plaintiff but they failed to fulfill their constitutional duty to intervene on plaintiff's behalf.

14.  One of the officers, in the course of arresting plaintiff, handcuffed plaintiff excessively tight, cutting off plaintiff's circulation and causing marks to appear on his wrists.

15.  The officer who handcuffed plaintiff then put plaintiff in the back of a police car.  Officers took plaintiff to the 70th Precinct.

16.  Officers brought plaintiff in front of a desk officer and then placed him in a cell.

3

17.     While plaintiff was incarcerated in the precinct, Officer Vasquez, in accordance with a conspiracy with other arresting officers, prepared police reports which falsely stated that plaintiff had engaged in disorderly conduct.

18.     On May 4, 2009, at approximately 3:00 a.m., officers took plaintiff to Brooklyn Central Booking.

19.     Plaintiff was incarcerated under unconstitutional conditions in Brooklyn Central Booking.

20.     The cells in which plaintiff was incarcerated were severely overcrowded, filled with garbage, and infested with roaches.

21.     The cells in central booking lacked adequate toilets and there were no beds for the detainees to sleep on.

22.     While plaintiff was confined in Brooklyn Central Booking, Officer Vasquez, in accordance with a conspiracy with other arresting officers, misrepresented to the Kings County District Attorney's Office that plaintiff had engaged in disorderly conduct.

23.     On May 5, 2009, at approximately 3:30 a.m., plaintiff was released from Brooklyn Central Booking because the District Attorney's Office declined to prosecute plaintiff on the false charge.

24.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff suffered a loss of liberty, emotional distress, mental anguish, fear, anxiety, humiliation, and damage to reputation.  Plaintiff also suffered pain and bruising from the excessively tight handcuffs.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST POLICE OFFICER DALMIN VASQUEZ, POLICE OFFICER STEVE RICHARDS, POLICE OFFICER JASON REYNOLDS, SERGEANT MARTIN DAVIS, POLICE OFFICER GLADSTONE HAYNES, POLICE OFFICER RIAN VERKAY, POLICE OFFICER NICHOLAS NELSON, AND POLICE OFFICER ALVARO CONTRERAS**

25.     Plaintiff repeats the foregoing allegations.

26.     The conduct of Police Officer Dalmin Vasquez, Police Officer Steve Richards, Police Officer Jason Reynolds, Sergeant Martin Davis, Police Officer Gladstone Haynes, Police Officer Rian Verkay, Police Officer Nicholas Nelson, and Police Officer Alvaro Contreras, as described herein, amounted to false arrest, a failure to intervene, excessive force, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.

**PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK**

27.     Plaintiff repeats the foregoing allegations.

28.     The City of New York, through a police, practice and custom, directly caused the constitutional violations suffered by plaintiff.

29.     Upon information and belief, the City of New York, at all relevant times, that the officers involved in this case are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

30.     Officer Steve Richards was sued for civil rights violations, including false arrest and excessive force, in two prior cases in the Eastern District of New York: *Katanga Powell v. City of New York, et al*, 06 CV 1166 and *Jason Waters v. City of New York, et al.*, 08 CV 3927.  The City settled these lawsuits, the *Powell* matter for a substantial sum.

5

31.     Officer Jason Reynolds was sued for civil rights violations, including false arrest and excessive force, in *Alvin Bonhomme v. City of New York, et al.*, 07 CV 1056 (E.D.N.Y.).  The City settled this lawsuit for a substantial sum.  Reynolds in presently being sued for civil rights violations, including false arrest and excessive force, in *Maksim Rabayev v. City of New York, et al.*, 07 CV 05001 (E.D.N.Y.).

32.     Sergeant Martin Davis was sued for civil rights violations, including false arrest and excessive force, in *Harold Dodds v. City of New York, et al.*, 05 CV 05638 (E.D.N.Y.). The City settled this lawsuit for a substantial sum.

33.     Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.

34.     The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them.

35.     Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

36.     The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.

**PLAINTIFF'S STATE LAW CLAIMS AGAINST POLICE OFFICER DALMIN VASQUEZ, POLICE OFFICER STEVE RICHARDS, POLICE OFFICER JASON REYNOLDS, SERGEANT MARTIN DAVIS, POLICE OFFICER GLADSTONE HAYNES, POLICE OFFICER RIAN VERKAY, POLICE OFFICER NICHOLAS NELSON, AND POLICE OFFICER ALVARO CONTRERAS**

37.     Plaintiff repeats the foregoing allegations.

38.     The conduct of Police Officer Dalmin Vasquez, Police Officer Steve Richards, Police Officer Jason Reynolds, Sergeant Martin Davis, Police Officer Gladstone Haynes, Police Officer Rian Verkay, Police Officer Nicholas Nelson, and Police Officer Alvaro Contreras, as described herein, amounted to false arrest, assault and battery in violation of New York state law.

**PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

39.     Plaintiff repeats the foregoing allegations.

40.     Because Police Officer Dalmin Vasquez, Police Officer Steve Richards, Police Officer Jason Reynolds, Sergeant Martin Davis, Police Officer Gladstone Haynes, Police Officer Rian Verkay, Police Officer Nicholas Nelson, and Police Officer Alvaro Contreras were acting within the scope of their employment as New York City Police Officers during the incident in question, the City of New York is vicariously liable under state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

7

c.      Attorney's fees and costs;

d.      Such other and further relief as this Court may deem just and proper.

DATED:      November 13, 2009
            Brooklyn, New York


                            /s/
                            _____
                            RICHARD J. CARDINALE
                            Attorney at Law
                            26 Court Street, Suite 1815
                            Brooklyn, New York 11242
                            (718) 624-9391

8